U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

AUG 1 3 2014

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JOHN E. WILLIAMS,                §
                                 §
          Plaintiff,             §
                                 §
VS.                              §   NO. 4:14-CV-377-A
                                 §
CANDLETREE APARTMENTS, ET AL.,   §
                                 §
          Defendants.            §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the above-captioned action where
John E. Williams is plaintiff and defendants are Candletree
Apartments and La Primavera Apartments.  Contemporaneously with
the filing of his initial complaint, plaintiff also filed a
motion for leave to proceed in forma pauperis, which the
magistrate judge granted on May 28, 2014.

I.

Screening Under 28 U.S.C. § 1915

Because plaintiff is proceeding in forma pauperis, his
complaint is subject to sua sponte screening under 28 U.S.C. §
1915(e)(2)(B).  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir.
1986).  Section 1915(e)(2)(B) provides for sua sponte dismissal
if the court finds that the complaint is either frivolous or
fails to state a claim upon which relief may be granted.

A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). In evaluating whether the complaint states a valid claim for relief, the court construes the allegations of the complaint favorably to the pleader. Warth v. Seldin, 422 U.S. 490, 501 (1975). However, the court does not accept conclusory allegations or unwarranted deductions of fact as true, and a plaintiff must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555; Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994).

Moreover, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. at 678 (citing Twombly, 550 U.S. at 557). "Determining whether a complaint states a plausible claim for

relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

## II.

### Plaintiff's Complaint

The essence of the complaint is that on separate occasions during May 2014, plaintiff attempted to rent an apartment with each defendant, using a voucher provided through the Fort Worth housing authority.  However, after plaintiff provided the required information, each defendant contacted plaintiff and informed him that he had not been approved for an apartment due to his criminal background, specifically, his status as a lifetime registered sex offender.

Although it is somewhat difficult to discern the exact contours of the claims and causes of action plaintiff is attempting to assert against the defendants, he appears to allege that defendants are interfering with the ability of the Fort Worth housing authority to operate its voucher program consistent with 42 U.S.C. § 1437f, the United States Housing Act ("Housing Act").[1]  Plaintiff also appears to allege claims against

---

[1]The United States Housing Act, 42 U.S.C. § 1437 et seq., was enacted to provide safe and affordable housing to low-income families. 42 U.S.C. § 1437(a)(1). Section 1437f, often referred to as "Section 8," is a provision of the Housing Act that sets forth the program by which subsidies for low-income housing are distributed.

defendants pursuant to 42 U.S.C. § 1983, as well as a violation
of Title VI of the Civil Rights Act of 1964 ("Title VI").[2]

### III.

### Analysis

A.   Claims Under 42 U.S.C. § 1983

There appears to be no basis in the complaint for any claim
pursuant to § 1983.  To state a claim under § 1983 requires
plaintiff to allege facts showing that he has been "deprived of a
right secured by the Constitution and the laws of the United
States," and that the deprivation was caused by a person or
persons "acting under color of state law."  Bass v. Parkwood
Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (internal quotation
marks and citation omitted).  Private action may be construed as
"state action" for purposes of § 1983 only where the conduct in
question may be "fairly attributable to the State."  Lugar v.
Edmondson Oil Co., 457 U.S. 922, 937 (1982).

Here, the defendants are private apartment complexes.  No
facts are alleged in the complaint as that would cause the court
to consider that either defendant was a state actor or was
engaged in conduct that could in any way be attributed to the
state.  For example, there is no allegation that any of the

_____

[2]Although the complaint mentions the First and Thirteenth Amendments, no facts are alleged as
would support any such claims.

owners or employees are state officials, or that any state
officials are involved in either defendant's daily operations.
See Miller v. Hartwood Apartments, Ltd., 689 F.2d 1239, 1242 (5th
Cir. 1982) (considering such factors and determining that
plaintiffs could not pursue § 1983 claims against private
apartment complex).  The same result is warranted here.  Absent
any allegations of state action or that defendants are state
actors, plaintiff's § 1983 claim fails.

B.    Claim Under Title VI

        Plaintiff's Title VI claim fares no better.  Title VI
prohibits "any program or activity receiving Federal financial
assistance" from discriminating against any person on the basis
of "race, color, or national origin."  42 U.S.C. § 2000d.
Plaintiff alleged that each defendant refused to accept his
housing voucher or lease him an apartment because of his status
as a lifetime registered sex offender.  Plaintiff did not allege
that he was refused an apartment on the basis of his race, color,
or national origin, or any other basis.  Hence, without regard to
whether either defendant receives any federal financial
assistance, absent any allegation of discriminatory action based
on one of the enumerated categories, plaintiff has failed to
state a claim under Title VI.

C.   <u>Claims Under the Housing Act</u>

It is unclear if plaintiff is attempting to assert a claim pursuant to 42 U.S.C. § 1437f either on his own behalf or on behalf of the Fort Worth housing authority.  Section 1437f, or "Section 8," sets forth the program by which subsidies for low-income housing are distributed.  The purpose of the Section 8 program is to assist low-income families in obtaining decent housing and "promoting economically mixed housing."  42 U.S.C. § 1437f(a).  The program is administered, monitored, and enforced by the United States Department of Housing and Urban Development. Hence, whatever claims may be available under § 1437f, plaintiff is unable to assert them on behalf of the Fort Worth housing authority, if that is his intent.

As to any individual claim, many courts have found that no private right of action exists under § 1437f.  <u>See</u>, <u>e.g.</u>, <u>Banks v. Dallas Hous. Auth.</u>, 271 F.3d 605, 611 (5th Cir. 2001) (finding no private right of action for § 1437f claims of unsuitable housing quality standards); <u>Hill v. Grp. Three Hous. Dev. Corp.</u>, 799 F.2d 385, 394-95 (8th Cir. 1986); <u>Perry v. Hous. Auth. of the City of Charleston</u>, 664 F.2d 1210, 1217 (4th Cir. 1981).  <u>But see Sager v. Hous. Comm'n of Anne Arundel Cnty.</u>, 855 F. Supp.2d 524, 547 (D. Md. 2012) (discussing cases holding otherwise).

Whether or not any private right of action exists for

6

plaintiff under § 1437f, he is unable to state any claim for relief as to the denial of his application based on his status as a registered sex offender.  The statute and regulations expressly authorize and require landlords to consider an applicant's status as a sex offender prior to approving an application under the Housing Act.  For example, 42 U.S.C. § 13663[3] requires the owner of "federally assisted housing"[4] to "prohibit admission" to such housing by "any individual who is subject to a lifetime registration requirement under a State sex offender registration program."  42 U.S.C. § 13663.

Further, the regulations pertaining to Section 8 expressly require a property owner to consider a prospective tenant's criminal activity "that is a threat to the health, safety or property of others."  24 C.F.R. § 982.307(a)(3)(iv). Additionally, the regulations provide for a claim of discrimination by a Section 8 applicant on the basis of "race, color, religion, sex, national origin, age, familial status or disability," but make no mention of discrimination on the basis of criminal history or status as a registered sex offender.  Id. at § 982.304.

---

[3]Sections 13661-13664 of title 42 of the United States Code contain provisions for screening applicants for federally assisted housing.

[4]The definition of "federally assisted housing" includes the Section 8 voucher program under 42 U.S.C. § 1437f. See 42 U.S.C. § 13664(a)(2)(B).

The sum of the foregoing is that the Housing Act affords no relief to an applicant, such as plaintiff, who was denied housing based on his status as a registered sex offender. Hence, the refusal to accept plaintiff's housing voucher and lease him an apartment on that basis was not unconstitutional or otherwise unlawful conduct on the part of defendants. Accordingly, plaintiff has failed to state a claim upon which relief may be granted under the Housing Act.

IV.

Order

Therefore,

The court ORDERS that all claims and causes of action asserted in the above-captioned action by plaintiff, John E. Williams, against defendants, Candletree Apartments and La Primavera Apartments, be, and are hereby, dismissed with prejudice.

SIGNED August 13, 2014.

JOHN McBRYDE
United States District Judge